Matter of Koper (2022 NY Slip Op 04629)

Matter of Koper

2022 NY Slip Op 04629

Decided on July 20, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
REINALDO E. RIVERA, JJ.

2019-08547

[*1]In the Matter of Michael William Koper, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Michael William Koper, respondent. (Attorney Registration No. 5107073)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition dated July 9, 2019, and a verified petition dated June 9, 2019, and the respondent served and filed a verified answer dated August 14, 2019. Subsequently, the Grievance Committee filed a statement of disputed and undisputed facts dated August 28, 2019, which was not challenged by the respondent. By decision and order on motion of this Court dated October 6, 2020, the respondent was barred from relitigating any of the factual allegations set forth in the verified petition based on the doctrine of collateral estoppel, and the matter was referred to the Honorable Ralph T. Gazzillo, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 12, 2013.

Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.
Michael William Koper, Huntington, NY, respondent pro se.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated June 9, 2019, containing two charges of professional misconduct predicated on the respondent's admissions set forth in an October 26, 2015 stipulation, and the findings made by the United States Bankruptcy Court, Eastern District of New York, in two orders, both dated October 30, 2015, and a judgment, also dated October 30, 2015, in a Chapter 7 bankruptcy proceeding commenced by the respondent in that court, under Case No. 8-13-74213, and related adversary proceedings. After a hearing on January 19, 2021, the Special Referee submitted a report dated February 19, 2021. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affidavit in response, in which he does not oppose the findings of the Special Referee.
The Petition 
The petition alleges that the respondent knowingly offered or used evidence that he knew to be false in a court proceeding (charge one), in violation of rule 3.3(a)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0), and engaged in conduct that is prejudicial to the administration of justice (charge two), in violation of rule 8.4(d) of the Rules of Professional Conduct, based upon the following factual specifications:
On August 14, 2013, the respondent commenced a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court, Eastern District of New York (hereinafter the Bankruptcy Court) (Case No. 8-13-74213). Thereafter, three adversary proceedings were commenced by creditors against the respondent to determine non-dischargeable debts, to wit: International Christian Broadcasting, Inc. v Michael W. Koper , Case No. 13-08167; Trinity Christian Center of Santa Ana, Inc. v Michael W. Koper , Case No. 13-08168; and International Christian Broadcasting, Inc., and Trinity Christian Center of Santa Ana, Inc. v Michael W. Koper and Brittany Koper , Case No. 13-08169. Each adversary complaint sought a determination that debts owed by the respondent to the plaintiff corporations were not dischargeable under the United States Bankruptcy Code, arguing, in sum, that as a corporate officer of the plaintiff corporations, the respondent engaged in fraudulent activities, including the utilization of a corporate charge card for unauthorized personal expenses, embezzling corporate funds, and creating fraudulent corporate documents.
On April 2, 2015, the plaintiff corporations filed a "Notice of Motion For Sanctions Concerning Defendant's Fabrication of Evidence And Perpetration Of A Fraud On The Court" in connection with the three adversary proceedings. The sanctions motion alleged that while an employee of the plaintiff corporations, the respondent fabricated documents and utilized these documents in the bankruptcy proceeding with the intent to defraud the plaintiffs and the court. The respondent opposed the motion.
On October 26, 2015, the parties entered into two stipulations resolving the sanctions motion and the underlying adversary complaints. By "Stipulation of Resolution of Sanctions Motion and Stipulation to Judgment in Adversary Proceeding" (hereinafter the sanctions stipulation), the respondent agreed that the allegations set forth in the sanctions motion were "conceded." In regards to the adversary proceedings, he further agreed that the allegations and debts set forth in the adversary complaints were "conceded and not discharged or dischargeable under the Bankruptcy Code."
Following additional proceedings, on October 30, 2015, the Bankruptcy Court issued an order approving the sanctions stipulation, as well as an "Order Granting Sanctions Motion On Consent" (hereinafter the sanctions order). The sanctions order stated, as follows:
"a. In 2012 and 2013, [the respondent] acting in conjunction with his agent, Brittany Koper, operated his Sony VAIO computer under the name 'Mkoper' to manually manipulate the VAIO's internal computer system clock, rolling back the computer's date and time to various dates and then conducted numerous activities on those dates.
"b. Those actions included but are not limited to the following:
"1) In 2012 and 2013, [the respondent] operated his Sony VAIO computer under the name 'Mkoper' and created and/or scanned onto the VAIO computer several documents in a '.pdf' format on dates artificially created by rolling back and manipulating the Windows computer clock time settings, and those '.pdf' documents now contain a false metadata description representing that those documents had been created or modified on those artificial 'roll back' dates. Those documents included fabricated loan authorizations, a home lease approval, life insurance purchase approval and other documents that included the fraudulent placement of the initials of Plaintiffs' Director Paul F. Crouch, Sr.;
"2) On at least two dates in 2012, [the respondent] used his Sony VAIO computer to access a TBN email account through an internet web site, and [the respondent] then illegally procured Plaintiffs' confidential corporate and legal records by transmitting those documents over the internet into [the respondent's] possession and control;
"3) In 2012, [the respondent] installed a Lotus Notes email program on the Sony VAIO computer, which was used to fabricate emails purporting to have been sent or received in past years, prior to 2012;
"4) [The respondent] installed and operated a program on the Sony VAIO computer, CCleaner, which is designed to overwrite information and render it unrecoverable from the VAIO computer. There are over 62,000 user-created files of unknown contents, which will never be able to be accessed, that were overwritten from the Sony VAIO using the CCleaner program; and
"5) [The respondent] intentionally destroyed material evidence that would have proven the elements of Plaintiffs' claims.
"c. The exhibits that were fabricated, created to defraud the Court and/or the Plaintiffs and the exhibits which were obtained by unauthorized access to Plaintiff's computer and the facts surrounding this conduct are all conceded . . .
"d. The submitted audio recordings for the dates of September 19, 21, 23, 26 and 29, 2011, are accurate and all statements made therein by [the respondent] were made willingly, with no duress or undue influence.
"e. [The respondent] acted willfully, maliciously and with intent to defraud this Court and Plaintiffs, and acted intentionally in destroying material evidence.
"f. The Sanctions Motion requested the striking of [the respondent's] Answers which denied the allegations in the complaints filed in these three adversary proceedings relating to [the respondent's] intentional misconduct of fraud, embezzlement, false pretenses, and defalcation pursuant to 11 U.S.C. sections 523(a)(2), (4) and (6).
"g. [The respondent] , acting in conjunction with his agent, Brittany Koper, attempted to create a defense to these allegations by manufacturing evidence, breaking into Plaintiff's computer through illegal electronic access for the purpose of stealing Plaintiff's electronically stored data and for the purpose of harming Plaintiffs, and [the respondent], acting in conjunction with his agent, Brittany Koper, destroyed material evidence to attempt to prove to this Court that he had authorization for his conduct, had not illegally accessed Plaintiff's electronic data, and did not make any misrepresentation to Plaintiff International Christian Broadcasting, Inc.'s assignor to induce a loan based on false claims.
* * *
"[The respondent] has conceded that the following conclusions of law as asserted by Plaintiffs (i) are consistent with the allegations asserted in the Sanctions Motion, papers, pleadings and recordings, (ii) shall be taken as true and correct, and (iii) have binding effect:
"a. The misconduct of [the respondent] was the product of intentional bad faith;
"b. The misconduct prejudiced the Plaintiffs by forcing Plaintiffs to respond to fabricated claims of authorization, pursue their claims without material evidence, and pursue their claims against [the respondent] who possessed Plaintiffs' confidential records;
"c. [The respondent's] conduct formed a pattern of misbehavior, as it has been engaged in throughout these adversary proceedings among others; and
"d. [The respondent] failed to correct any of the misconduct, and asserted and relied on the fabricated and stolen evidence, and the false claims of the dates that evidence was created in the evidence submitted to this Court for trial."
On October 30, 2015, the Bankruptcy Court issued a "Judgment on Consent," wherein the court determined that pursuant to the terms of the sanctions stipulation, and upon the representations of counsel for the parties made before the court on October 27, 2015, the respondent "has conceded that the factual and legal allegations contained in the Adversary Complaints . . . shall be taken as true and correct, and have binding effect."
On December 12, 2016, the Bankruptcy Court held a hearing with respect to the plaintiff corporations' request for monetary damages as set forth in the sanctions motion filed April 2, 2015. By order dated December 27, 2016, the court awarded the plaintiff corporations fees and costs against the respondent in the amount of $332,418.96 in connection with the sanctions motion.
Findings and Conclusion 
Based upon the foregoing, the Grievance Committee's motion to confirm the Special Referee's report is granted. Accordingly, we conclude that the charges of professional misconduct should be sustained.
In determining an appropriate measure of discipline, the respondent, inter alia, requests the Court consider his lack of experience as an attorney, his good character, and his remorse. Notwithstanding the mitigation advanced, we find that the respondent committed serious misconduct by intentionally fabricating and destroying evidence with the intent to shield himself from liability for funds which were obtained through fraud, defalcation, embezzlement, and larceny. The breadth of the respondent's misconduct was aptly summarized by the Special Referee, as follows:
"[T]he evidence demonstrates that respondent initiated and continued a multi-year strategy to—in simplest terms—cheat the law and the legal system. [The] ongoing scheme demonstrates tactics which were protracted, consistent, manipulative and fraudulent. In order to avoid his legal and financial responsibilities under the federal bankruptcy codes and regulations, he withheld, misrepresented, destroyed, concealed, manipulated, forged, and/or contrived evidence which was highly pertinent to the federal court and the litigation. Among those acts and omissions was his tampering with electronic computers and their data. Moreover, the decisions he made, the acts and omissions which followed, do not present themselves as either coerced, heat-of-the-minute, knee-jerk, impulsive, or reflexive. Quite to the contrary, they appear to have been planned, sophisticated and somewhat interdependent parts of a continuing and protracted course of conduct."
Finally, we find the respondent's failure to show "regret, repentance, or remorse," as found by the Special Referee, to be a significant aggravating factor.
Under the totality of the circumstances, we find that a disbarment is warranted.
LASALLE, P.J., DILLON, DUFFY, BARROS and RIVERA JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted, the charges as alleged in the verified petition dated June 9, 2019, are sustained; and it is further,
ORDERED that the respondent, Michael William Koper, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Michael William Koper, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael William Koper, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Michael William Koper, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court